HANOVER FIRE INSURANCE COMPANY v. TOMLINSON.

*Action — on judgment — judgment must be final and be docketed.*

The judgment upon which an action may be brought must be not only final within the technical sense of the term, but one duly docketed. Accordingly, where a judgment of foreclosure directed the sale of the mortgaged premises, and the payment of any deficiency by defendant, but there was no confirmation of the report of sale or docketing of a judgment for deficiency, *held*, that an action was not maintainable thereon under Code, § 71.

APPEAL by defendant from an order at special term granting motion for leave to sue on a judgment held by plaintiff, the Hanover Fire Insurance Company, against the defendant, Theodore Tomlinson.    Sufficient facts appear in the opinion.

*Tomlinson, Winsor & Marsh*, for appellant.

*Tracy, Olmstead & Tracy*, for respondent.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DAVIS, P. J.    This action was brought for the foreclosure of a mortgage executed by defendant, Tomlinson, to the plaintiff.    The papers show that judgment of foreclosure and sale was rendered in the action on the 10th day of October, 1862; that the mortgaged premises were sold under the direction of a referee ; that the proceeds were insufficient to pay the costs and expenses of the suit, the taxes on the property, and the amount of the mortgage ; that the report of the referee filed with the clerk showed the amount of the deficiency to be $2,051.36 on the 3d day of December, 1862; that the judgment directed the deficiency to be paid by the defendant, Tomlinson, and that the same remains wholly unsatisfied.    It does not appear that the report of the referee was ever confirmed

by order of the court, and the certificate of the clerk, produced by the defendant, shows that no judgment for the deficiency was ever docketed. This motion is founded upon section 71 of the Code, which provides that no action shall be brought upon a judgment rendered in any court of this State, except a court of a justice of the peace, between the same parties, without leave of the court for good cause shown, on notice to the opposite party.

We think this section contemplates the case of a judgment not only *final* within the technical sense of that term, but one which has been duly docketed and upon which an execution may be issued.

The judgment in this case, which directed the foreclosure of the mortgage and a sale of the premises, and the payment of any deficiency that might arise upon such sale by the defendant, was final for certain purposes, but it contemplated further steps to be taken before the order for the payment of the deficiency should ripen into a personal judgment against the defendant. One of these steps was the confirmation by the court of the report of the referee, showing such deficiency. That report was open to exceptions to be filed by the defendant sought to be charged personally, who, if he had appeared in the action, could in that manner contest the correctness of the report in respect of the deficiency.

Another essential, we think, was the docketing of a judgment by the clerk for the amount of the deficiency. No execution could issue till such docketing was made, because the execution must be against property only, and in such case must issue to the sheriff of a county in which the judgment has been docketed. Code, § 87.

We are of opinion, therefore, in this case, that there was no judgment which could be subjected to the provisions of section 71 of the Code.

The remedy of the plaintiff was to proceed and perfect the judgment for the deficiency, and not resort to an action therefor. If the plaintiff have the right to confirm the report of the referee, and docket judgment thereon, it has now a more speedy and efficient remedy than by suit. If it have not that right, it is not entitled to the order of the court under section 71, to give color to other proceedings it may be advised to take.

We think the order was improvidently granted, and should be reversed, with $10 costs of this appeal, besides disbursements.

*Order reversed.*